Citation Nr: 1602942 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 05-01 521 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for ovarian cysts and adhesions, status-post oophorectomy.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

T. L. Douglas, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty service from January 1992 to May 1992. She also had periods of active duty for training (ACDUTRA) including from January 1991 to June 1991, from September 19, 2002, to September 28, 2002, and from October 1, 2002, to October 14, 2002, with additional periods of ACDUTRA and inactive duty for training (INACDUTRA) during the period from August 1990 to April 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2004 rating decision by the Montgomery, Alabama, Regional Office (RO) of the Department of Veterans Affairs (VA). Appellate jurisdiction was subsequently transferred to the RO in Columbia, South Carolina. 

The Board notes that the issue on appeal arose as part of a claim for entitlement to service connection for a gynecological disability that was remanded for further development in May 2007, August 2010, and November 2012. A November 2013 Board decision, however, denied entitlement to service connection for uterine fibroids and menorrhagia, status-post hysterectomy, and that decision has become final. The Board remanded the specific issue of entitlement to service connection for ovarian cysts and adhesions, status-post oophorectomy, in November 2013. This issue was again remanded by the Board in May 2015. 


FINDING OF FACT

Ovarian cysts and adhesions, status-post oophorectomy, are not shown to have developed or to have been aggravated as a result of a disease or injury during a period of military service.



CONCLUSION OF LAW

Ovarian cysts and adhesions, status-post oophorectomy, were not incurred or aggravated as a result of military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). The Veteran was notified of the duties to assist and of the information and evidence necessary to substantiate her claim by correspondence dated in December 2002, May 2004, and November 2007. 

The notice requirements pertinent to the issue on appeal have been met and all identified and authorized records relevant to the matter have been requested or obtained. The available record includes service treatment records, VA treatment and examination reports, non-VA (private) treatment records, and statements in support of the claim. The development requested on remand has been substantially completed. The Board finds there is no evidence of any additional existing pertinent records. 

When VA undertakes to provide a VA examination or obtain a VA opinion it must ensure that the examination or opinion is adequate. VA medical opinions obtained in this case are adequate as they are predicated on a substantial review of the record and medical findings and consider the Veteran's complaints and symptoms. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). The available medical evidence is sufficient for an adequate determination. There has been substantial compliance with all pertinent VA law and regulations and to adjudicate the claim would not cause any prejudice to the appellant.

Service Connection

Service connection may be granted for a disability resulting from injury suffered or disease contracted in the line of duty or for aggravation of preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). Active military, naval, or air service includes any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred in or aggravated in line of duty, or any period of INACDUTRA during which the individual concerned was disabled or died from injury incurred in or aggravated in line of duty. 38 U.S.C.A. § 101(21), (24) (West 2014); 38 C.F.R. § 3.6(a), (d) (2015); Biggins v. Derwinski, 1 Vet. App. 474 (1991). ACDUTRA is, generally, full-time duty in the Armed Forces performed by reserves for training purposes. 38 C.F.R. § 3.6(c)(1) (2015). The regulations concerning presumptive service connection, the presumption of soundness, and the presumption of aggravation are inapplicable to claims based upon ACDUTRA service. Smith v. Shinseki, 24 Vet. App. 40 (2010). 

A Veteran is presumed to be in sound condition, except for defects, infirmities, or disorders noted when examined, accepted, and enrolled for service, or where clear and unmistakable evidence establishes that an injury or disease existed prior to service and was not aggravated by service. 38 U.S.C.A. § 1111 (West 2014); 38 C.F.R. § 3.304(b) (2015). A preexisting injury or disease will be considered to have been aggravated by active military service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. Aggravation may not be conceded where the disability underwent no increase in severity during service. 38 U.S.C.A. § 1153 (West 2014); 38 C.F.R. § 3.306 (2015). 

In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2015). Where a Veteran is seeking service connection for any disability, due consideration shall be given to the places, types, and circumstances of service as shown by the service record, the official history of each organization in which the Veteran served, the Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a) (West 2014).

In order to prevail on the issue of entitlement to service connection, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Hickson v. West, 12 Vet. App. 247 (1999). A Veteran seeking service connection must establish the existence of a disability and a connection between service and the disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000). 

Medical evidence is required to demonstrate a relationship between a current disability and the continuity of symptomatology demonstrated if the condition is not one where a lay person's observations would be competent. Clyburn v. West, 12 Vet. App. 296 (1999). Whether lay evidence is competent and sufficient in a particular case is an issue of fact and lay evidence can be competent and sufficient to establish a diagnosis when (1) a layperson is competent to identify the medical condition (sometimes the layperson will be competent to identify the condition where the condition is simple, for example, a broken leg, and sometimes not, for example, a form of cancer), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Lay evidence presented by a Veteran concerning continuity of symptoms after service may generally be considered credible and competent regarding those issues for which is can be competent, regardless of a lack of contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (2006). The Board has the authority to discount the weight and probity of evidence in light of its own inherent characteristics and its relationship to other evidence. Madden v. Gober, 125 F.3d 1477 (Fed. Cir. 1997). VA may favor one medical opinion over another, provided an adequate basis is provided. Owens v. Brown, 7 Vet. App. 429 (1995).

It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case, with all reasonable doubt to be resolved in favor of the claimant. 38 C.F.R. § 3.102 (2015).

The Veteran contends, in essence, that her ovarian cysts and adhesions, status-post oophorectomy, began during a period of service. She has also asserted that a gynecological disability either developed or was aggravated as a result of heavy lifting in service. In statements provided in support of her claim in January 2011 and January 2013 her spouse, son, and former colleagues from service recalled that she had complained of gynecological problems and had received treatment during service. As noted in the introduction section above, however, a November 2013 Board decision denied service connection for uterine fibroids and menorrhagia, status-post hysterectomy. That determination was not appealed and has become final. Therefore, the issue remaining for appellate review is limited to the specific issue of entitlement to service connection for ovarian cysts and adhesions, status-post oophorectomy.

The pertinent evidence of record includes an October 2002 service department treatment record noting the Veteran had a history of uterine fibroids and hypermenorrhea. A pelvic sonogram revealed a 1.1 centimeter (cm) cyst on the left ovary and small follicular cysts on both ovaries. A December 2002 VA examination report noted that a pelvic ultrasound revealed a one centimeter left ovarian cyst and small follicular cells of both ovaries. Private treatment records show she underwent a total vaginal hysterectomy in March 2004 and a diagnostic laparoscopy with lysis of adhesions and exploratory laparotomy extensive lysis of adhesions and bilateral salpingo-oophorectomy in December 2008. A May 2013 VA examination report noted the Veteran underwent lysis of adhesions and oophorectomy in 2008 without opinion as to etiology. 

A September 2015 VA medical opinion found that it was less likely than not that the Veteran's ovarian cysts began or were aggravated during ACDUTRA in October 2002 or were otherwise related to any period of active duty or active duty for training. As rationale for the opinion the examiner noted, in essence, that the Veteran's development of ovarian cysts in October 2002 had been a life event that resolved based upon a hysterectomy report in March 2004 noting normal ovaries and tubes. It was noted that this report demonstrated that the ovarian cyst observed in October 2002 was transient and had resolved. The examiner further noted that there was no identifiable action or component of service which would have caused or influenced the course of the ovarian cyst conditions to include the small ovarian cyst shown by ultrasound in 2002 and the follicular cyst which were a part of a normal menstrual cycle. The minor prior ovarian cysts were noted to not have caused, worsened, or in any way influenced the Veteran's subsequent development of adhesions from hysterectomy. 

Based upon the evidence of record, the Board finds that the Veteran's ovarian cysts and adhesions, status-post oophorectomy, are not shown to have developed or to have been aggravated as a result of a disease or injury during a period of military service. The September 2015 VA medical opinion obtained in this case is persuasive. The opinion is shown to have been based a review of the evidence of record with adequate rationale for the etiology opinion provided. The examiner adequately considered the evidence of record as to symptom manifestation. Dalton v. Nicholson, 21 Vet. App. 23 (2007). The Veteran has not submitted any contrary competent evidence to show that her ovarian cysts and adhesions, status-post oophorectomy, developed during or are otherwise related to service.

The Board notes that the Veteran is competent to provide evidence as to observations and some medical matters, but not to establish a medical diagnosis or provide opinions as to etiology. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (2006). As questions of gynecological disorder diagnosis and any relationship to service are complex etiological questions of the type of medical matters which laypersons are not competent to provide, the lay statements of record are insufficient to establish service connection. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009) (Board must determine whether a claimed disability is the type of disability for which a lay person is competent to provide etiology or nexus evidence). There is no indication that the Veteran has any medical training or expertise as to this matter and she is not competent to provide a diagnosis or an etiology opinion. 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001). The Board finds that the preponderance of the evidence is against the claim, and that service connection must be denied. 


ORDER

Entitlement to service connection for ovarian cysts and adhesions, status-post oophorectomy, is denied.


____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs